UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SKEGGI HILDI KATRINSSONR, *et al.*,

                    Plaintiffs,

     v.

STATE OF WASHINGTON DEPARTMENT
OF CORRECTIONS, *et al.*,

                    Defendants.

Case No. C25-6100-TL-SKV

REPORT AND RECOMMENDATION

Plaintiffs Skeggi Katrinssonr, Szeth Magnus, and Andrew Kennedy are in the custody of the Washington Department of Corrections ("DOC") and are currently confined at the Coyote Ridge Corrections Center ("CRCC") in Connell, Washington. They have presented to this Court for filing a civil rights action under 42 U.S.C. § 1983, and they have submitted applications to proceed with this action *in forma pauperis* ("IFP"). *See* Dkts. 1-1, 19, 28, 29, 31. The Court, having reviewed Plaintiffs' submissions, concludes that venue is improper in this district and that the case should be transferred to the United States District Court for the Eastern District of Washington for further proceedings.

## I.    BACKGROUND

Plaintiffs presented their complaint to the Court for filing in December 2025. *See* Dkt. 1. However, because of deficiencies in Plaintiffs' IFP applications, the screening of Plaintiffs'

REPORT AND RECOMMENDATION - 1

proposed complaint was delayed.  Plaintiffs have now corrected the IFP deficiencies, and their pleading is ready for review.

Plaintiffs' complaint is comprised of a number of introductory pages alleging the basis of the Court's jurisdiction, providing definitions relevant to their claims, and identifying parties, and those pages are followed by three declarations, one from each Plaintiff, setting forth their individual claims for relief.  *See* Dkt. 31 at 1-48.  The pleading concludes with a joint request for relief.  *Id.* at 50-53.  A significant number of the claims asserted in Plaintiffs' complaint appear to arise out of a settlement agreement entered in *Disability Rights Washington v. Washington State Department of Corrections*, *et al.*, No 2:23-cv-1553-JCC, Dkt. 3-1, a case filed by Disability Rights Washington on behalf of "people with disabilities who identify as transgender, intersex, non-binary, and gender non-conforming (transgender) and are incarcerated in prisons operated and administered by the Department."  *Id.*, Dkt. 3-1 at 2.  Plaintiffs are, in part, seeking to enforce that settlement agreement by way of this civil rights action.  *See* Dkt. 31 at 52.  However, certain claims, or portions of claims, also appear to arise directly out of Plaintiffs' conditions of their confinement at CRCC, and Plaintiffs seek injunctive relief related specifically to these conditions.  *See id*. at 51-52.

Plaintiffs all allege in the complaint that they are "constituents" of Disability Rights Washington (Dkt. 31 at 3-4), and their claims primarily, though not exclusively, relate to their respective gender identities and expression.  Plaintiff Katrinssonr identifies as a transgender woman and she alleges in her declaration deprivations of (1) her rights to privacy, confidentiality, and liberty under the Fourth and Fourteenth Amendments; (2) her right to timely prescribed medical treatment under the Eighth Amendment, (3) her right, as a vulnerable individual, to protection under the Ninth Amendment, (4) her right to equal protection under the

REPORT AND RECOMMENDATION - 2

Fourteenth Amendment, (5) her right to be free from discrimination on the basis of sex under the Eighth Amendment, and (6) her right to access the courts under the First Amendment. *Id.* at 5-19.

Plaintiff Magnus identifies as a non-binary, intersex individual and he alleges in his declaration deprivations of (1) his right to receive prescribed medical treatment under the Eighth Amendment, (2) his right to privacy, confidentiality, and liberty under the Fourth and Fourteenth Amendments, (3) his right to be free from retaliation and to access the courts under the First, Ninth, and Fourteenth Amendments, and (4) his right, as a vulnerable individual, to protection under the Ninth Amendment. Dkt. 31 at 19-38.

Plaintiff Kennedy identifies as a non-binary, intersex, two-spirit individual and they allege in their declaration deprivations of (1) their right to receive adequate medical care under the Eighth Amendment, (2) their right to equal protection under the Fourteenth Amendment, (3) their right to be free from discrimination on the basis of sex under the Eighth Amendment and federal regulations, and (4) their right to be protected from fraudulent state action under the Ninth Amendment. Dkt. 31 at 38-48.

Plaintiffs identify over thirty defendants in their complaint, including the DOC, DOC officials, DOC headquarters employees, CRCC officials and employees, the CRCC Facility Leadership Team, the DOC Headquarters Gender Affirming Care Multidisciplinary Team, the Gender Affirming Care Review Committee, and unknown DOC employees. *See* Dkt. 31 at 1, 4-5. The Court has not ruled on Plaintiffs' IFP applications nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

//

//

REPORT AND RECOMMENDATION - 3

## II.   DISCUSSION

The Court first observes that, to the extent Plaintiffs seek to enforce the settlement agreement entered in the *DRW v. WA DOC* lawsuit, their effort is misplaced.  Any attempt to enforce the settlement agreement entered in the prior action must be raised in the prior action by the parties to that action, and not in a new civil rights action.  To the extent Plaintiffs assert independent constitutional challenges related to the conditions of their confinement at CRCC, they have filed their case in the wrong court.

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b).  When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice."  *See* 28 U.S.C. § 1406(a).  Additionally, 28 U.S.C. § 1404(a) allows the district court to transfer a case to "any other district or division where it may have been brought" for the "convenience of parties or witnesses," or "in the interest of justice."

Plaintiffs' claims pertaining to alleged privacy issues, delays in the receipt of prescribed medical care, inadequate medical care, sex discrimination, and access to the courts appear to arise out of the conditions under which they are currently confined at CRCC.  CRCC is located in Franklin County, Washington, which is in the Eastern District of Washington.  *See* 28 U.S.C.

REPORT AND RECOMMENDATION - 4

§ 128(a). While Plaintiffs name some defendants who presumably reside in the Western District of Washington, including DOC officials and headquarters employees, it appears that a substantial part of the events giving rise to Plaintiffs' claims occurred at CRCC and involve CRCC officials and employees who presumably reside in the Eastern District of Washington. It further appears that Plaintiffs have not clearly stated viable claims for relief under § 1983 against all named defendants, in particular DOC officials and headquarters employees as to whom Plaintiffs have alleged few facts directly connecting the conduct of these individuals to the alleged violations of their constitutional rights.

For these reasons, this Court concludes that, while venue may be proper in both the Western and Eastern Districts of Washington, the interests of justice require this matter to be transferred to the Eastern District of Washington. *See* 28 U.S.C. § 1404(a).

### III.    CONCLUSION

Based on the foregoing, this Court recommends that this case be transferred to the Eastern District of Washington. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 20, 2026**

REPORT AND RECOMMENDATION - 5

DATED this 30th day of March, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6