UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SKEGGI KATRINSSONR, SZETH MAGNUS, and ANDREW KENNEDY,

Plaintiffs,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

Defendants.

CASE NO. 3:25-cv-06100-TL-SKV

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint. Dkt. No. 33. Having reviewed the motion and the relevant record, the Court GRANTS the motion.

On March 30, 3036, United States Magistrate Judge S. Kate Vaughan issued a Report and Recommendation recommending that the case be transferred to the United States District Cout for the Eastern District of Washington for further proceedings because venue is improper in this District and even if venue might be appropriate, transfer to the Eastern District would be required

//

//

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT – 1

in the interests of justice. Dkt. No. 32 at 1, 5. On April 14, 2026, Plaintiffs filed two pleadings: (1) a motion to amend (Dkt. No. 33); and (2) a Notice of Objections (Dkt. No. 34).[1]

In Plaintiffs' motion to amend, they request an opportunity "to fix deficiencies as noted" in the Report and Recommendation. Dkt. No. 33 at 1. Federal Rule of Civil Procedure 15(a) provides that "A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(A). Plaintiffs' Proposed Complaint (Dkt. No. 31) has not yet been served because the Court has not ruled on Plaintiffs' IFP applications nor has the Court ordered the Clerk's Office to attempt service of process. *See* Dkt. No. 32 at 3.

As Plaintiffs' Proposed Complaint has not yet been served, they qualify under Rule 15(a) to amend their complaint one time. However, the Court informs Plaintiffs that when a plaintiff files an amended complaint, it supersedes and completely replaces the original complaint. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (same). Therefore, any amended complaint must contain all the facts and claims a plaintiff seeks to allege against a defendant and any supporting exhibits a plaintiff wishes to include in a single document, because any preceding complaint on the docket (i.e., Dkt. Nos. 30, 31[2]) will be inoperative as of the filing of any amended complaint and will not be considered after the filing of any amended complaint.

//

//

---

[1] The Court notes that Plaintiffs' objections were untimely filed, *see* Fed. R. Civ. P. 72 (objections to a report and recommendation are due within fourteen days), and they neither moved the Court to extend the deadline nor offered any facts to excuse the late filing. *See* Fed. R. Civ. Pl 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect.").

[2] The complaint at Docket Number 30 states in the footer that it is a fifty-three page document but only twenty-eight pages were included. Docket Number 31 appears to be a corrected version of Docket Number 30 and contains all fifty-three pages as well as all exhibits from Docket Numbers 1-1 through 1-5 and Docket Number 23.

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT – 2

For the reasons stated, the Court ORDERS as follows:

(1)    Plaintiffs' Motion for Leave to Amend Complaint (Dkt. No. 33) is GRANTED.

(2)    Plaintiffs SHALL file any amended complaint within **thirty (30) days** of this Order.

(3)    As the Court has granted Plaintiffs' motion to amend, the Court STRIKES as moot the Report and Recommendation (Dkt. No. 32) and Plaintiffs' Objections (Dkt. No. 34).

Dated this 15th day of May, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT – 3